UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11178-RWZ

LAW OFFICES OF JEFFREY S. GLASSMAN, LLC-RWZ

v.

IDEARC MEDIA CORP.

ORDER
April 21, 2011

ZOBEL, D.J.

Plaintiff, Law Offices of Jeffrey S. Glassman, LLC, used to advertise on the back cover page of the Yellow Pages published by defendant Idearc Media by means of attached, but removable, advertisements known as "tip-ons." In 2007 defendant changed from one Boston directory to four separate editions for Boston, Cambridge, Brighton/Brookline, and a Companion Book and in response to plaintiff's concerns, promised not to offer tip-ons to any other advertisers. When it offered a new product, the "snipe ad" on the front cover, it promised plaintiff a right of first refusal on this product and any other new cover advertising if plaintiff continued to maintain its advertising program. The complaint alleges in Count 1 that defendant breached its agreement by, among other things, selling tip-ons for the front cover to one of plaintiff's competitors. Plaintiff also alleges fraud (Count 2) and violation of Mass. Gen. Laws ch. 93A (Count 3).

The matter is before me on plaintiff's emergency motion to compel discovery

(Docket # 27), and defendant's cross-motion to the same effect buried in its opposition (Docket # 30). Although plaintiff asserts that all interrogatories are directly related to the facts and circumstances alleged in the complaint, that relationship is not immediately apparent from the interrogatories themselves. Many of the document requests similarly elude an understanding of their relevance. Plaintiff's brief does not adequately explain the reason for much of the requested information. Defendant, according to its brief, offered to confer with plaintiff's counsel to address these issues. Pending such a conference, the motion to compel is denied without prejudice. If the parties do not work out their differences, any further motion shall be focused and any outstanding discovery requests and failures to respond, explained. To the extent that both parties resist responding absent a protective order, they shall include such in their conference. In the absence of a protective order, defendant's motion is also denied without prejudice.

    April 21, 2011                             /s/Rya W. Zobel
       DATE                                 RYA W. ZOBEL
                                            UNITED STATES DISTRICT JUDGE